# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

CEDRIC RECHE ALLEN                                                      PETITIONER
Reg. #54546-018

V.                           NO. 2:19-CV-00081-DPM-JTR

DEWAYNE HENDRIX, Warden,
FCI – Forrest City                                                       RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. Price Marshall. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I.  Introduction

Pending before the Court is a § 2241 Petition for Writ of Habeas Corpus filed by Petitioner Cedric Allen ("Allen"), who is currently incarcerated at the Forrest City–Medium Federal Correctional Institution in Forrest City, Arkansas. *Doc. 1*. The relevant facts are set forth below.

On June 7, 2010, Allen was arrested by state authorities in Hillsborough County, Florida, on charges which included felony fleeing and possession of cocaine. *See Florida v. Allen*, Hillsborough County Cir. Ct. Case Nos. 10CF6204, 09CF20412, 09CF18303 ("*Allen I*"); Hillsborough County Sheriff's Office Arrest Report, *Doc. 6-1 at 5*.

On December 1, 2010, Allen was indicted in United States District Court for the Middle District of Florida for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). *See* Docket Sheet, *United States v. Allen*, Case No. 8:10-CR-498 (M.D. Fla. 2012) ("*Allen II*"), *Doc. 2 at 10*.

On December 2, 2010, Allen was convicted in *Allen I* and received an 18-month sentence for felony fleeing and possession of cocaine. *Doc. 6-1 at 10*. On March 3, 2011, Allen entered the Florida Department of Corrections to serve his state sentence. *Id. at 11-13*.

On April 15, 2011, while his federal charges in *Allen II* were pending, Allen was transferred from the Florida Department of Corrections to the *physical custody* of the U.S. Marshals Service ("USMS"), pursuant to a writ of habeas corpus *ad prosequendum*. *See* Writ of Habeas Corpus *Ad Prosequendum*, *Allen II*, *Doc. 6-1 at 18*; USMS Prisoner Custody and Detention Report, *Doc. 6-1 at 21*. His time in federal custody continued to count against his remaining state sentence.

On October 27, 2011, Allen completed serving his state sentence in *Allen I*, but continued to remain in the physical custody of the USMS awaiting the disposition of his federal charges in *Allen II*. *Doc. 2 at 3*; Letter from Florida Dept. of Corr. to BOP, *Doc. 6-1 at 10, 14*.

On April 10, 2012, Allen appeared before a United States Magistrate Judge in the Middle District of Florida and entered a plea of guilty to one count of Possession with Intent to Distribute Cocaine. *Allen II at doc. 65, 82*. That same day, the magistrate judge filed a report recommending that the district court accept Allen's guilty plea. *Id. at doc. 65*.

On April 27, 2012, the presiding United States District Judge formally accepted Allen's guilty plea. *Id. at doc. 68*. On July 2, 2012, Allen was sentenced to a term of 151 months in federal prison. *Id. at docs. 71, 76*. Allen did not file a direct appeal of his conviction and sentence.

On June 19, 2013, Allen filed a § 2255 motion to vacate his sentence in *Allen II*. As grounds for this motion, Allen claimed he was entitled to "jail credit" for "time served" while awaiting federal prosecution and sentencing:

> Petitioner . . . should be given 'jail-credit' for all time served from 12/01/2010 [the date of Allen's federal indictment in *Allen II*] through 07/02/2012 [the date of Allen's sentencing in *Allen II*]. . . . I was sentenced by this Court to 151 months incarceration, but was not afforded time served while awaiting federal prosecution and sentencing. Since then, the Federal Bureau of Prisons has refused to accredit this time against my sentence[.]

3

*Id. at doc. 80, p. 5*.

On March 20, 2014, the sentencing court denied the § 2255 motion on the ground that Allen's claim, which implicated his custodial status and how much time should be credited between his state and federal sentences, had to be pursued under 28 U.S.C. § 2241, *after* he exhausted his administrative remedies with the BOP. *Id. at doc. 86*.

On July 12, 2019, Allen filed this § 2241 habeas action contending that, when he entered his guilty plea on the federal charges in *Allen II*, he understood that he would be credited for all time spent in custody from the time of his arrest by state authorities on June 7, 2010, forward. Liberally construed, Allen's habeas Petition raises two alternative claims:

> Claim 1: The sentencing court erred, in determining the length of Allen's sentence, by failing to grant him a downward departure based on United States Sentencing Guideline § 5G1.3.[1]
>
> Claim 2: The BOP has incorrectly calculated Allen's sentence, by denying him prior custody credit for the 507-day period between June 7, 2010 and October 27, 2011.

*Doc. 2*.

---

[1] This claim was *not* raised by Allen in his earlier § 2255 motion. However, he did raise the claim later in a motion he filed with the trial court. *Doc. 111*. On November 7, 2018, the trial court entered an order that rejected Allen's argument that it erred in not granting him a downward departure under § 5G1.3. *Doc. 119*. Such alleged sentencing errors must be raised in a § 2255 motion filed with the trial court. This Court lacks subject matter jurisdiction to consider such claims under § 2241.

On August 30, 2019, Respondent filed his Response, arguing that Allen's § 2241 habeas Petition should be denied because: (1) Allen's sentencing error claim was already previously rejected by the trial court; and (2) the BOP accurately computed his sentence. *Doc. 6*. On September 26, 2019, Allen filed a "Traverse" in reply. *Doc. 11*.

For the reasons explained below, Claim 1 should be dismissed, without prejudice, and Claim 2 should be dismissed, with prejudice.

## II. Discussion

### A. The Court Lacks Subject Matter Jurisdiction to Consider Claim 1

A challenge to the lawfulness of a sentence generally must be made in a 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *see* § 2255(a) (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the trial court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* "it also

appears that the remedy [of filing a § 2255 motion with the sentencing court] is inadequate or ineffective to test the legality of his detention." *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-1062 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed 'safety valve'"). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907.

The Eighth Circuit has explicitly held that a § 2241 habeas action cannot be used to raise an issue which could have been, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Id.*; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Additionally, § 2241 may *not* be used to address an allegation that "the sentencing court misunderstood or failed to adequately address his § 2255 claim." *Lopez-Lopez*, 590 F.3d at 907.

According to Allen, "the district court failed to address page 25, paragraph 101 [of his Presentencing Report] at [his] Sentencing Hearing on July 2, 2012, that stated the Sentencing Provision of 5g1.3 that applies to the conviction." *Doc. 2 at 3*. The federal sentencing guideline that Allen references allows a sentencing judge to adjust a sentence downward for defendants who have served time on

6

*undischarged* terms of imprisonment that resulted from another offense that is relevant conduct to the instant offense of conviction.  U.S.S.G. § 5G1.3.[2]

Allen argues the sentencing judge erred, in determining the length of his sentence, by failing to apply U.S.S.G. § 5G1.3 and grant a downward departure to account for the time Allen spent in custody serving his state sentence in *Allen I*. Because of this error, Allen contends the sentence imposed in *Allen II* is invalid and he is entitled either to a resentencing hearing or to withdraw his guilty plea.

First, because this claim of error is a challenge to the sentence itself, only the sentencing court has jurisdiction to consider it.  *See Quinn v. Rivera*, Case No. 2:15-cv-00080, 2016 WL 8710972, *adopted in all respects* (E.D. Ark. March 25, 2016) (concluding that, even if the sentencing court intended to adjust petitioner's sentence pursuant to § 5G1.3, but mistakenly failed to do so, habeas relief under § 2241 is not the proper remedy); *Majeed v. Walton*, 2015 WL 4594157, *4 (S.D. Ill. July 30, 2015) ("The argument that the sentencing court misapplied (or failed to apply)

---

[2] The relevant language of U.S.S.G. 5G1.3 states as follows:

(b)  If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed as follows:
(1)  the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
(2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3 is not cognizable in a § 2241 petition."); *Gravel v. Fox*, 2014 WL 4676497, *9 (E.D. Cal. Sept. 18, 2014) ("this court has no authority [under § 2241] to correct or adjust petitioner's sentence under § 5G1.3. Motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court."); *Savage v. Zickefoose*, 446 Fed. Appx. 524, 525-26 (3d Cir. 2011) (inmate must proceed under § 2255, not § 2241, with claims that the sentencing court should have adjusted his sentence under § 5G1.3(b)); *Gravitt v. Veach*, 229 Fed. Appx. 417, 418-19 (7th Cir. 2007) (inmate's contention that the sentencing court "misapplied" § 5G1.3 "attacks the imposition, not the execution, of his federal sentence" and must be brought under § 2255 or on direct appeal).

Second, Allen has already presented this claim to the sentencing court, which concluded that U.S.S.G. § 5G1.3 was not applicable to Allen's sentence because he had already completed his state sentence in *Allen I* before he was sentenced in *Allen II*: "Allen was not a defendant subject to an undischarged term of imprisonment at the time of sentencing in his case." *See* Order denying Allen's Motion to Correct the Judgment, *Allen II at doc. 119, pp. 3*.[3]  To the extent Allen contends the

---

[3] In denying his Motion to Correct the Judgment, the sentencing court also noted that the magistrate judge explained to Allen before he entered his guilty plea at the change-of-plea hearing that the sentencing judge's calculation of the sentence under the sentencing guidelines could be different and "more harsh" than Allen's calculation but that was not a basis for backing out of his plea. *Doc. 2 at 23*. *See also*, *Allen II* at *docs. 94, 107, 111, 112, and 119*.

8

sentencing court misconstrued or failed to adequately address his claim, such a claim is not addressable in a § 2241 action. *Lopez-Lopez*, 590 F.3d at 907.

Accordingly, because this Court lacks subject matter jurisdiction to consider Claim 1, it should be dismissed, without prejudice. *Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011).

### B. Because the BOP Correctly Calculated Allen's Sentence, Claim 2 Is Without Merit

According to Allen, the BOP has "only calculated and credited Mr. Allen with credit for time served from October 27, 2011 through July 2, 2012." *Doc. 2 at 5*. In his habeas papers, Allen argues he is entitled to credit for the 507 days served from June 7, 2010 (the date of his arrest in *Allen I*), through October 27, 2011 (the date he flattened his state sentence). Because this claim goes to the *execution* of his sentence, it is a claim this Court can consider under § 2241. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

A defendant's federal sentence "commences" when he "is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Under that statute, a federal sentence commences "when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 481 (8th Cir. 2013).

"As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of the charges; (3) parole of the prisoner; or (4) expiration of the sentence. *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013) (quoting *Cole*, 416 F.3d at 897). When a prisoner is under the primary jurisdiction of the state, but his physical custody is transferred to federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, he remains under the "primary jurisdiction" of the state, and is deemed to be "on loan" to or "borrowed" by federal authorities. *Elwell*, 716 F.3d at 482. This is so even when the prisoner remains in federal custody after the entry of an order of detention. *See Davis v. Sneizek*, 403 Fed. Appx. 738, 740-741 (3d Cir. 2010); *Richardson v. Outlaw*, 2011 WL 671997, at *1 n.5 (E.D. Ark. Feb. 17, 2011). When the United States obtains "physical custody of [a prisoner in state primary jurisdiction] based upon the writ of habeas corpus *ad prosequendum*," the transfer of "physical control" over the prisoner does *not* "terminate" the state's primary jurisdiction. *Elwell*, 716 F.3d at 482 (citation omitted).

It is undisputed that the State of Florida arrested Allen on state charges on June 7, 2010, almost six months *before* he was indicted on the federal charges in *Allen II*. On April 15, 2011, the USMS used a writ of habeas corpus *ad*

10

*prosequendum* to "borrow" Allen from state custody. In doing so, the USMS acquired physical custody over Allen but it did *not* terminate Florida's primary jurisdiction over him. Rather, Allen remained under Florida's primary jurisdiction and was simply "on loan" to the United States for purposes of prosecuting his pending federal charges. *Id.* Only after Allen finished serving his state sentence in *Allen I*, on October 28, 2011, did the United States acquire primary jurisdiction over him. *Id.*, 716 F.3d at 481. Thus, the BOP properly determined that Allen was entitled to "prior custody credit" for his detention on and after October 28, 2011, the date that the United States acquired primary jurisdiction over him, through July 1, 2012, the day before his sentence commenced on July 2, 2012.[4] *See* BOP Response to Administrative Remedy No. 905700-A1, *Doc. 2 at 44-45*.

Finally, 18 U.S.C. § 3585(b) allows for "prior custody credit" for time spent in official detention before a federal sentence commences, but *not* for time that has been credited against another sentence. Thus, the statute prohibits "double counting," *i.e.* prior custody credit that has been applied toward fulfilling a state sentence cannot be double counted against a later federal sentence.[5] All of the time,

---

[4] The earliest date Allen's federal sentence could commence was July 2, 2012, the date it was imposed. BOP Program Statement 5880.28; *see also Sisemore v. Outlaw*, 363 F.App'x 424 (8th Cir. 2010) (per curiam ) (citing *Coloma v. Holder*, 445 F.3d 1282, 1283-1284 (11th Cir. 2006)).

[5] Allen also complains that, because his judgment was silent as to how his federal and state sentences were to run, the BOP ran them consecutively. However, at the time of his sentencing in *Allen II*, Allen had already flattened his sentence in *Allen I*. Thus, there was no state sentence to

11

from his arrest by state authorities, on June 7, 2010, through October 27, 2011, the last day he was in primary state jurisdiction, was credited against his state sentence in *Allen I*. See Allen's "Jail Credit Time Lines", *Doc. 2 at 3, 34*; Letter from Flor. Dept. Corr. to BOP (August 19, 2019). Consequently, the *earliest* possible date that Allen could begin accruing "prior custody credit" toward his federal sentence in *Allen II* was October 28, 2011, the date the BOP used to calculate and apply that credit. Thus, the BOP awarded Allen the *maximum* amount of "prior custody credit" in calculating his federal sentence.

Because the BOP did not err in calculating the "prior custody credit" that Allen is due, the Court recommends dismissing Claim 2, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. 1*, be DENIED, and that this case be dismissed.

Dated this 16th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

run concurrent to his sentence in *Allen II*. As explained above, the BOP cannot give Allen the prior custody credit he seeks without violating § 3585(b), which prohibits double credit for any time spent in custody prior to thea date his federal sentence commenced.